IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **TOMMY EDWARD YOUNG, JR.,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**RRM BALTIMORE,** )<br>)<br>**Respondent.** ) | **Civil Action No. 2:14-26938** |

### MEMORANDUM OPINION AND ORDER

On October 14, 2014, United States District Judge Thomas E. Johnston filed a letter he received from Petitioner challenging the BOP's calculation of his sentence.[1] (Criminal Action No. 2:09-00223, Document No. 283.) By Order entered on October 16, 2014, the undersigned construed Petitioner's letter as a *habeas* petition filed pursuant to 28 U.S.C. § 2241. (Id., Document No. 284.)

Pursuant to 28 U.S.C. § 2241(a), a writ of *habeas corpus* "may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge *within their respective jurisdictions*." 28 U.S.C. § 2241(a)(emphasis added). Title 28 U.S.C. § 2242 provides that a petitioner should name "the person who has custody over him" as the respondent to his *habeas*

---

[1] On March 8, 2010, Mr. Young was convicted of one count of Conspiracy in violation of 18 U.S.C. § 371 (Count 1); one count of Possession of a Stolen Motor Vehicle in violation of 18 U.S.C. § 2313 (Count 4); and one count of Interstate Transportation of a Stolen Motor Vehicle in violation of 18 U.S.C. § 2313 and 2 (Count 6). (Criminal Action No. 2:09-0223,Document No. 131.) On March 11, 2011, the District Court ordered that Mr. Young serve a 54-month term of incarceration to be followed by a three-year term of supervised release. (*Id.*, Document Nos. 214 and 216.) Approximately three days later, Mr. Young was sentenced in State Court wherein Circuit Court Judge Irons ordered that Mr. Young's State sentence was to be served concurrent to his Federal sentence. (*Id.*) On March 24, 2011, the District Court conducted a further hearing to clarify that Mr. Young's Federal sentence was to run concurrent with his State sentence. (*Id.*, Document Nos. 212 and 217.) In his letter-form Section 2241 Petition, Petitioner appears to be arguing that the BOP is improperly denying him nunc pro tunc designation.

petition. 28 U.S.C. § 2242. The custodian is "the person with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2006). The Court finds that Petitioner is currently located at RRM Baltimore, which is located in Annapolis Junction, Maryland. This Court, however, does not have jurisdiction over Petitioner's current custodian, who is located in Maryland. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the District of Maryland. Accordingly, the Court finds that the transfer of this matter is in the interest of justice and therefore warranted. See 28 U.S.C. § 1631.

Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the District of Maryland pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the District of Maryland.

ENTER: October 20, 2014.

R. Clarke VanDervort
United States Magistrate Judge